| | | |
|---|---|---|
| UNITED STATES OF AMERICA | :: | |
| | :: | |
| V. | :: | CASE NO. |
| | :: | |
| ANDRIEL MCGOWAN | :: | |
| | :: | |

FILED - USDC - NH
2025 MAY 19 PM 2:04

## PETITION FOR HABEAS CORPUS PURSUANT TO § 2241

And NOW on this 10 day of April, 2025 Petitioner Andriel McGowan Pro Se petitions this honorable Court for writ of a habeas corpus pursuant to § 2241. I aver the following facts;

### BACKGROUND

The Petitioner is currently incarcerated at FCI Berlin, located in this Courts jurisdiction, serving a sentence of 312 months. On July 10th, 2024 there was an alleged incident that occured on the Petitioners housing unit, in which the Petitioner was subsequently found guilty of and lost good conduct time for the prohibited acts. See Exhibit - A.

### JURISDICTION

This Court has jurisdiction pursuant to § 2241. The Attorney General, through the BOP, is responsible for administering a federal prisoner's sentence, including the computation of sentence credit. See United States V. Wilson, 503 U.S. 329, 335 (1992). It is also established that a prisoner must seek relief under § 2241 in the judicial district with jurisdiction of the custodian. See 28 U.S.C.§ 2241 see also Rumsfield V. Padilla, 542 U.S. 426 (2004). Since these incidents are in Berlin, New Hampshire, this Court has jurisdiction over such matters.

ARGUMENT

THE FBOP ERRED BY DENYING PETITIONERS APPEALS BASED ON THE TIMELINESS.

On October 1st, 2024 The Petitioner was served with his DHO report in which he was found guilty. The Petitioner had 20 days to appeal this decision, and he submitted it to staff on October 16th, 2024. The Staff signed the "legal mail" form and in doing so indicated that it was sent from the facility on October 17th, 2024. This date is supposed to be the official filing date according to the "prison mailbox rule" See Longenette V. Krusing, 322 F.3d 758, 761 (3rd Cir. 2003) which states;

> The date on which a prisoner transmitted
> documents to prison authorities for mailing,
> is to be considered the actual filing date.

This rule is based on the fact that prisoners are not privy to the same electronic equipment as lawyers, and or because prisoners cannot deliver anything at all, we must rely on the postal service, and in doing so sometimes it takes weeks for a document to be delivered, and that error cannot be attributed to the prisoner, and that is what the "prison mailbox rule" was made for, and that is what happened in this case, the Petitioner transfered the appeal documents to the BOP staff on October 16th, the next day it was sent from the facility See Exhibit -A(noting the singed 'outgoing special mail reciept), the Regional appeal determined that this appeal was not timely, and for that reason alone they denied the appeal See Exhibit - A. The Petitioner then attempted to submit documentation to the Regional appeal office to show that the appeal was sent timely, and they still chose to ignore that fact and re-deny him his appeal. See Exhibit - A. This was rejected on December 9th, 2024. See Exhibit - B. The Petitioner then attempted to resolve this matter at the next appeal

-2-

stage and the Central office denied that appeal stating that the appeal was not considered because it was due at the Regional office and not the Central office See Exhibit -B.(January 29th, 2025 denial). However this issue is my next argument, and the original appeal was in the FBOP staff's hands on October 16th, 2024, and that should have been considered as the filing date, especially when the Petitioner sent the Regional office the proof that it was infact sent out on October 17th, 2024 from the prison. the "prison mailbox rule" mandates that, the date on the signed 'Special Mail Reciept' is the date in which the document was filed See Krusing supra, and the FBOP was in error to utilize the actual date (October 28th) in which the mailman decided to send the mail and or the employees from the FBOP decided to file the appeal. the fact of the matter is this, the Petitioner sent out the appeal timely, and the FBOP was in error to deny him his due process based on the untimeliness of a mail carrier.

For this reason this Court should order that the FBOP was in error when they concluded that the appeal was untimely, even after being given evidence that the appeal was sent from the BOP facility timely.

2. THE FBOP ERRED BY DENYING THE CENTRAL APPEAL.

The Petitioner **provided** the Regional Office with the proper documents to prove that he sent the appeal in a timely manner and consistent with the "prison mailbox rule" however the Regional office denied this appeal again as untimely See Exhibit - A. This was denied on December 29th, 2024 however the Petitioner did not recieve it until later(in which the Case manager sent memorandum to support this fact) See Exhibit - B. based on this fact and the policy the Petitioner then decided to appeal this decision to the Central office, and they denied him stating that this matter was never handled with the Regional office See Exhibit - A.

-3-

The FBOP policy is clear in their "Administrative Remedy Program" in stating;

> An inmate who is not satisfied with
> the Regional Directors response may
> submit an appeal on the appropriate
> form(BP-11) to the General counsel
> within 30 calendar days of the date
> the Regional director signed the response.

See FBOP Policy Statement § 542.15. See Also Exhibit - C. The Petitioner attempted to resolve this issue with the Regional director and they denied him as untimely two times, he then attempted to appeal that denial to the Cenral office [per policy] and was denied again. all of these denials was based on the fact that the Petitioner timely gave the appeal to the BOP staff, but the courier did not deliver it before the due date. This is also based on the BOP not following the policy, because when the Petitioner appealed the Regional decision to the Central office, it was their duty to investigate, and to decide the appeal on the merits, and or to remand to the Regional office with instructions to decide the appeal on the merits, and not just deny the Petitioner his due process rights, by deciding the appeal was untimely, when he did everything in his power, and within the precedent concerning prisoners, and mailing documents, to ensure that this appeal was timely.

3. THE FBOP ERRED BY DENYING THE APPEAL, BECAUSE THE DHO VIOLATED SEVERAL OF PETITIONERS RIGHTS DURING THIS PROCESS.

As stated above, the Petitioner never had any of his presented issues ruled on based on the merits. for this reason he ask this Court to consider the arguments presented.

First the law is clear that "prisoners have a protected liberty interest in their good conduct time, which affords them certain due process safe guards in disciplinary proceedings before they can be

sanctioned with a loss of good conduct time" See Supt.Mass.Corr.Inst V. Hill, 472 U.S. 445, 453-54, 105 S.Ct. 2768, 86 L.ed. 2d 365 (1985). The FBOP violated the Petitioners due process in a number of ways, first they denied him this by denying these appeals as [un]timely, when issues 1 and 2 clearly demonstrate that the appeal was in fact timely, and even if the first was not, the Central appeal should have still afforded the Petitioner his due process, based on the policy statment regarding the Administrative Remedy Program, a policy statement that the FBOP ignored when they refused to rule on this appeal based on the merrits, first, and then again when they refused to allow the Petitioner the chance to appeal that denial in the Central office. I would like to ask this Court one simple question, how can the FBOP ensure that its employees are doing their due diligence and also are affording these inmates their due process rights, if they ignore the policy they are sworn to follow, and also do not allow an inmate the oppertunity to even appeal, by ignoring the 'prison mailbox rule' ?

Second, the Petitioner was not afforded the proper due process rights because the alleged incident occured on 7/10/2024. The Unit team at FCI Berlin confirmed that the investigation was closed on 9/10/2024, but Petitioner did not recieve the incident report within the 24 hours that due process requires based on policy § 541.5. The incident report was written on 9/17/2024. This is well over the 24 hour limit set out in the policy, this issue was preserved, but was not ruled on based on the FBOP concluding this appeal was not timely. See Exhibit - A.

Next the Petitioner was not afforded the proper due process based on the fact that the incident report has no specific conduct relating to the Petitioner. The conduct is relating to a group of individuals, in which the Petitioner was not a part of. The policy states that on the

-5-

incident report, their must be SPECIFIC actions that will prove that the alleged inmate committed the prohibited acts <u>SEE Policy Statement § 5270.09, Ch 2, Section, 541(a)</u>. This alleged incident revolved around an officer locking the ice room, in which i informed her that my personal property was in the room, she then told me to follow her to further discuss this, and as I was doing this several other inmates approached her to ask about the ice room. During this time the officer disrespected me and called me a profanity (Nigger), and I informed her that I would like to speak with a lieutenant about her profanity, and she then told me to "get the fuck away from me". In which I followed her direct order, and proceeded to watch the television that was in front of her office. I asked that this evidence be submitted for my DHO hearing and it was not allowed, i asked for witnesses to be there and they where not allowed. I also provided this information in my appeal to both the Regional office, and the Central office, and my due process was violated because this issue was not decided, based on the conclusion that my appeal was untimely.

My due process was violated because the prohibited acts in which I was written up for and eventually found guilty of was not in accord with the policy, and if they are not in accord with the policy, then what is the prupose of the policy?

I was not given my write up timely, I was not afforded the proper oppurtunity to fight these allegations properly, and I was then found guilty of codes that i did not commit. I then appealed this decision in hopes that the Region would fix these errors, and they denied them' as untimely, however the FBOP can be untimely in the mannaer in which they administer their incident reports?

The FBOP did not consider the evidence from the camera footage that I requested because it would show that I did not engage in ANY threatening manner to this officer, this was merely a ruse to justify her disrespecting me and other inmates. I attempted to prove this and I tried to have witnesses prepared and ready to defend these allegations but I was denied that right, if the FBOP is simply going to only consider the words of their employees and not consider any other facts that are available, then what is the purpose of having a DHO officer ? The purpose of this officer is to ensure that all inmates are afforded their due process rights and to ensure that the evidence is weighed in no particular favor. The policy states that the DHO officers are to be fair and impartial See Policy Statement § 541.8 (B). I included all of these facts in both appeals, and they denied the appeals based on the timely issue.

## CONCULSION

I ask that this Court order the FBOP to produce the camera footage of the incident that occured for incident report # 3997333, and in doing so I ask that you accept the 'affadavit of facts' See Exhibit - D. as my testimony of the vents that occured, and in doing so i ask that this honorable Court vacate the DHO decision as it was not based on suffecient facts to find me guilty, i also ask that you vacate the DHO decision because the FBOP violated my due process rights by not providing the incident report in a timely manner, and also by denying me the right to produce witnesses, and evidence to prove my innocence. I ask that this Court determine that the FBOP violated my due process by not considering the 'prison mailbox rule' when they determined that my appeal was untimely. and for that reason vacate the DHO report.

Andriel McGowan                                                4/10/2025